UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN M. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-286 CAS |
| | ) | |
| ERIC V. BARNHART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Sean M. Johnson for leave to commence this action without payment of the required filing fee. Plaintiff states that he is unable to obtain a certified inmate account statement, and he has submitted a copy of his commissary receipt; however, this receipt cannot be used to calculate plaintiff's initial partial filing fee. Under these circumstances, the Court will grant plaintiff's motion and will not assess an initial partial filing fee. In addition, and for the reasons set forth below, the Court will dismiss this action as legally frivolous.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Potosi Correctional Center, seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Named as defendants are Eric Barnhart (attorney), Rick Scott, and The Law Office of Eric V. Barnhart, LLC. Plaintiff alleges that Eric Barnhart was his attorney in a state criminal matter. Plaintiff claims that Barnhart committed "malpractice for improper treatment and negligent treatment received." In addition, he claims that he was "supposed to receive a psch [sic] exam from a man Rick Scott," but he was lied to and the exam never took place.

**Discussion**

Having carefully reviewed plaintiff's allegations, the Court finds that the complaint is legally frivolous as to all defendants. To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts which form the basis of the complaint. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 328 (1986). The actions of defendant Eric Barnhart and his law firm in providing legal representation for plaintiff does not constitute action under color of state law for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312 (1981) (actions of public defender performing traditional functions of attorney do not constitute action under color of state law); Myers v. Vogal, 960 F.2d 750, 750 (8th Cir. 1992) (attorneys, whether appointed or

retained, who represented plaintiff in criminal proceeding did not act under color of state law and were not subject to suit under § 1983); Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, in representing client does not constitute action under color of state law). Similarly, plaintiff does not allege, and there is no indication, that Rick Scott is a state actor for purposes of § 1983, and therefore, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED** and an initial partial filing fee will not be assessed. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of April, 2015.